**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Emmanuel M. Rodriguez, Appellant.

Appellate Case No. 2014-001956

Appeal From Greenville County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2016-UP-320
Submitted April 1, 2016 – Filed June 22, 2016

**AFFIRMED**

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In

criminal cases, the appellate court sits to review errors of law only."); *State v. Missouri*, 361 S.C. 107, 111, 603 S.E.2d 594, 596 (2004) ("When reviewing a Fourth Amendment search and seizure case, an appellate court must affirm the trial [court's] ruling if there is *any* evidence to support the ruling."); U.S. Const. amend. IV (prohibiting unreasonable searches and seizures); *State v. Mattison*, 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct. App. 2003) ("Evidence obtained in violation of the Fourth Amendment is inadmissible in both state and federal court."); *Florida v. Royer*, 460 U.S. 491, 497 (1983) ("[L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions."); *Florida v. Bostick*, 501 U.S. 429, 434 (1991) ("So long as a reasonable person would feel free 'to disregard the police and go about his business,' . . . the encounter is consensual and no reasonable suspicion is required." (quoting *California v. Hodari D.*, 499 U.S. 621, 628 (1991))); *id.* ("Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." (quoting *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968))); *United States v. Drayton*, 536 U.S. 194, 206 (2002) ("The Court has rejected . . . the suggestion that police officers must always inform citizens of their right to refuse when seeking permission to conduct a warrantless consent search.").

**AFFIRMED.**[1]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.